IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA     *

v.     *     Crim. No. PJM 11-0567

CHEKO E. SPEIGHT,     *

Defendant     *

## MEMORANDUM OPINION

Cheko E. Speight, *pro se*, has filed a Motion for Reconsideration of Sentence,[1] which the Government opposes. For the reasons that follow, the Court will **DENY** the Motion.

### I.

Speight was originally charged in a Criminal Complaint with Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and/or Cocaine Base, in violation of 21 U.S.C. § 846. ECF No. 16. He was eventually charged in a Superseding Indictment with a single count of Conspiracy to Possess with Intent to Distribute 500 Grams or More of Cocaine, in violation of 21 U.S.C. § 846. ECF No. 64. Thereafter, Speight entered an agreement to plead guilty to this count. Plea Agreement, ECF No. 115, at 1. The Plea Agreement stipulated that Speight's criminal activity involved between 3.5 and 5 kilograms of cocaine. *Id.* at 9.

On December 31, 2013, Judge Alexander Williams of this Court (since retired) held a Sentencing Hearing in which he adopted the factual findings and the advisory guideline application in the Probation Officer's Presentence Report (PSR). Statement of Reasons ("SOR"), ECF No. 427, at 1. In the PSR, Speight's Offense Level was calculated to be 27, and his

---

[1] Though docketed solely as a Motion to Reduce Sentence, *see* ECF No. 445, Speight also requests appointment of counsel. The Court denies this request.

Criminal History Category was determined to be II. PSR at ¶¶ 30, 37. Based on that offense level and criminal history category, the recommended guideline range as to Speight's custody was 78 to 97 months. *Id.* at ¶ 49. At the Sentencing Hearing, Judge Williams found that Speight's offense of conviction subjected him to a mandatory minimum sentence of 5 years (or 60 months) imprisonment under 21 U.S.C. § 841(b)(1)(B). *See* SOR at 1. Judge Williams ultimately departed downward from the advisory guideline range after consideration of various 18 U.S.C. § 3553(a) factors, sentencing Speight to the mandatory minimum of 60 months of imprisonment. *See* SOR at 3; Judgment and Commitment Order, ECF No. 426, at 2.

Speight now brings this Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 782 of the United States Sentencing Guidelines to reduce his Offense Level by two levels, seeking to achieve a sentence lower than the mandatory minimum sentence already imposed. The Government opposes the Motion, asserting that Speight is not entitled to a reduction in his sentence below the statutory mandatory minimum.

## II.

Under 18 U.S.C. § 3582(c), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may file a motion asking the Court to reduce his or her sentence. The Court may reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3582(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 782 of the United States Sentencing Guidelines, which became effective November 1, 2014, reduced the base offense levels in the Advisory Guidelines under § 2D1.1 for cocaine base offenses by 2 levels. The Sentencing Commission provided that Amendment 782

would apply retroactively. U.S.S.G. §§ 1B1.10(d), (e)(1). Amendment 782, however, does not have the effect of reducing a defendant's sentence below a statutory mandatory minimum, unless the court originally had the authority to sentence the defendant below the mandatory minimum based on his or her substantial assistance to authorities. *See* U.S.S.G. § 1B1.10(a), (c); *see also id.*, Application Note 1(A) ("[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if . . . the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g., a statutory mandatory minimum term of imprisonment*).") (emphasis added).

As the Government notes, Speight was subject to a 5-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1) at the time of his sentencing. He did not receive any downward departure from his Advisory Guidelines range based on substantial assistance to authorities. *See* SOR at 2. Absent such departure for substantial assistance, Speight is not eligible to receive a sentence below the statutory mandatory minimum. *See* U.S.S.G. § 1B1.10(a)(2), (c). He is thus not eligible for any further reduction to his 60-month sentence under Amendment 782.

For the above reasons, the Motion to Reduce Sentence under 18 U.S.C. 3582(c), ECF No. 445, is **DENIED**.

A separate Order will **ISSUE**.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

**November 3, 2015**

3